**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EXELON BUSINESS SERVICES | ) | |
| COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-00611 |
| | ) | |
| v. | ) | Judge Robert M. Dow |
| | ) | |
| PELCO STRUCTURAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF EXELON BUSINESS SERVICES
COMPANY, LLC'S MOTION TO DISMISS AND/OR STRIKE
DEFENDANT'S COUNTERCLAIM**

**I.      Introduction**

Exelon's Complaint in this action alleges breach of contract based on Pelco's manufacture and supply of non-conforming, defective transmission arms. Along with its Answer and Affirmative Defenses, Pelco asserts the following Counterclaim:

1. Declaratory Judgment (Count I): Pelco seeks a declaration that its transmission arms conformed to the project specifications and approved design drawings, *i.e.*, that Pelco did not breach the contract.

2. Promissory Estoppel (Count II): Pelco claims it relied upon its right to provide replacement arms and Exelon breached that right by refusing to accept the replacement arms, *i.e.*, Exelon failed to satisfy the cure provisions of the contract.

Both Counts should be stricken because they are redundant of Pelco's defenses and raise issues that will already be decided by Exelon's breach of contract claim. Pelco's declaratory judgment count should also be dismissed because it fails to state a valid claim. The purpose of a declaratory judgment is to determine the rights of the parties to avoid future uncertainty and liability. Here, the alleged liability and resulting damages have already occurred. Pelco's

1

promissory estoppel count likewise fails to state a valid claim. The parties' rights are governed by an express contract and a claim for promissory estoppel cannot lie in the face of it.

Exelon respectfully requests that the Court strike and/or dismiss Counts I and II of Pelco's Counterclaim, pursuant to Fed. R. Civ. P. 12(b)(6) and (f).

## II. Factual Background

### A. **The Complaint**

Exelon contracted with Pelco for the purchase of 11 transmission poles and 64 transmission arms pursuant to a Purchase Order and Master Terms and Conditions dated February 3, 2014 (collectively, the "Contract"). (Pelco Answer, ¶ 13, 19.) The equipment was used by Exelon's affiliate, Commonwealth Edison Company ("ComEd"),[1] to raise the height of six existing transmission circuits to accommodate a new expressway for the Illinois Tollway's Elgin/O'Hare project. (Complaint, ¶ 2, 19.) The parties' Contract contains an express integration clause. (Complaint, Ex. A, § 30.1.)

After installation of certain of the arms, one of the transmission conductor arms supplied by Pelco broke apart at its arm-to-clamp weld and fell off of the transmission pole, crashing into and damaging another Pelco-supplied arm on its way down. (Answer, ¶ 22.) Post-incident inspection and testing showed not only that the broken arm had an incomplete weld penetration (Answer, ¶ 4) but, according to the Complaint, that all of the transmission conductor arms supplied by Pelco had improper relief cut welds on the body of the arms. (Complaint, ¶ 27.) Exelon alleges that the relief cut welds were a material deviation from the project specifications and approved design drawings. (Complaint, ¶ 27.) Exelon alleges it afforded Pelco the opportunity to cure by providing conforming replacement arms, but the Pelco replacement arms had the same alleged material defects. (Complaint, ¶ 26-30.) As Pelco failed to cure, Exelon

---

[1] Exelon and ComEd are referred to collectively hereafter as "Exelon".

thereafter purchased conforming replacement arms from a new supplier. (Complaint, ¶ 32.)

### B. Pelco's Answer and Affirmative Defenses

Pelco denies, with the exception of the arm that broke apart in the air, that its transmission arms were non-conforming. (Answer, ¶ 22, 25, 27, 30.) It asserts in its Third Affirmative Defense of Estoppel that the relief cut welds, described by Pelco as "tapered joints," were an approved design.[2] (Third Aff. Def., ¶ 7-8.) Pelco asserts in its Second Affirmative Defense for Anticipatory Breach/Failure of Condition Precedent that even if the original arms were non-conforming, Exelon did not afford Pelco the chance to cure. (Second Aff. Def., ¶ 3-4.)

### C. Pelco's Counterclaim

In Count I of its Counterclaim for Declaratory Judgment, Pelco seeks a declaration that its tapered joint design complied with the project specifications and was approved by Exelon. (Count I, *e.g.,* ¶ 23, 28.) In Count II of its Counterclaim for Promissory Estoppel, Pelco alleges that it relied upon its contractual right to cure any non-conforming materials and Exelon breached that right by purchasing replacement arms from a new supplier. (Count II, ¶ 34-35, 37, 38.)

### III. Law and Argument

### A. Legal Standards for Motions to Strike and Dismiss

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter…." Fed. R. Civ. P. 12(f).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal where the pleading fails

---

[2] Contrary to this allegation, the tapered joint drawing at Exhibit D to Pelco's Counterclaim is ***not*** among the Submittals provided to or approved by Exelon for this project, as evidenced by Exhibit B to Pelco's Counterclaim. *See Kaczmarek v. Microsoft Corp.,* 39 F.Supp.2d 974, 975 (N.D. Ill. 1999) (well-settled rule that when a written instrument contradicts allegations in the complaint, the exhibit trumps the allegations).

to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss a counterclaim, the court employs the same standard applicable to the main Complaint. *See Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001.) The Court must therefore accept all of the well-pled factual allegations as true and construe all reasonable inferences therefrom in the light most favorable to the non-moving party. *Id.* To survive a motion to dismiss, the claim must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Counts I and II of Pelco's Counterclaim are subject to dismissal under Rule 12(b)(6) and (f).

**B. Pelco's Declaratory Judgment Count is Redundant and Not Consistent With the Purpose of the Declaratory Judgment Act.**

Exelon's Complaint seeks a finding that Pelco breached the parties' Contract because its transmission arms did not materially conform to the project specifications and approved design drawings. In Count I of its Counterclaim for declaratory judgment, Pelco seeks the exact opposite result: a declaration that its transmission arms were conforming. As Count I simply restates Pelco's defense to Exelon's breach of contract claim and seeks the opposite effect of the Complaint, it is redundant and should be stricken under Rule 12(f). *See, e.g., Green Bay Packaging, Inc. v. Hoganson & Associates, Inc.*, 362 F.Supp. 78, 82 (N.D. Ill. 1973) (striking counterclaim that restated an issue already raised by the complaint as "repetitious and unnecessary"); *F.D.I.C. v. OneBeacon Midwest Ins. Co.*, 883 F.Supp.2d 754, 762 (N.D. Ill. 2012) (dismissing counterclaim as redundant where issue raised would be decided when ruling on plaintiff's affirmative breach of contract claim).

Pelco's Count I is also an improper use of the Declaratory Judgment Act. The purpose of the Act is to afford one not certain of his rights "an early adjudication without waiting until his

adversary should see fit to begin suit, after damage has accrued." *Arvegenix, LLC v. Seth,* No. 13–cv–1253, 2014 WL 985390, * 3 (C.D. Ill. Mar. 13, 2014) (internal citations omitted); *see also Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.,* 819 F.2d 746, 749 (7th Cir. 1987). The Court has discretion over whether to grant or deny declaratory relief, and if the Court finds that a declaratory judgment action serves no useful purpose, it may dismiss the action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

Pelco's Declaratory Judgment Count serves no useful purpose because it comes ***after*** Exelon already sued for breach and damages. Thus, the determination Pelco seeks will necessarily be made in deciding Exelon's breach of contract claim. The Court, in its discretion, should dismiss Pelco's declaratory judgment claim (Count I). *See, e.g., Arvegenix, LLC,* 2014 WL 985390, at * 3 (dismissing declaratory judgment claim because it would not resolve uncertainty or avoid the accrual of damages).

## C. <u>Pelco's Promissory Estoppel Counterclaim is Both Redundant and Barred by the Parties' Express Contract.</u>

In Count II of its Counterclaim, Pelco asserts promissory estoppel based upon Exelon's alleged refusal to use or accept Pelco's replacement arms. This Count merely restates another of Pelco's defenses to Exelon's breach of contract claim: that Exelon failed to allow Pelco to cure. (Compare Second Aff. Def. with Counterclaim, Count II.) And like with Count I, whether Exelon complied with the cure provisions of the Contract will be decided by Exelon's breach of contract claim. Pelco's Count II should be stricken as redundant and unnecessary. *See Green Bay Packaging, Inc., supra.*

Pelco also cannot sustain its promissory estoppel claim as a matter of law because an enforceable contract governs the parties' relationship. Pelco admits that the Master Terms and Conditions, which contains an integration clause, and the Purchase Order—the Contract—govern

5

the parties' relationship. (Answer, ¶ 13, 19.) Pelco even relies upon the Contract language to support its theory of promissory estoppel. (Counterclaim, ¶ 10, 34-35.) The law, however, does not allow for promissory estoppel where an express contract exists. *See Prentice v. UDC Advisory Servs., Inc.*, 271 Ill. App. 3d 505, 512 (Ill. App. Ct. 1995) (once an enforceable contract is established, a party may no longer recover under the theory of promissory estoppel); *see also Bohling v. Pharmacia Corp.*, 156 F.Supp.2d 1010, 1016-1017 (N.D. Ill. 2001) (same). Pelco's promissory estoppel claim (Count II) should be dismissed.

## IV. Conclusion

For the reasons set forth above, Exelon respectfully requests that the Court strike and/or dismiss Counts I and II of Pelco's Counterclaim in their entirety, pursuant to Federal Rules of Civil Procedure 12(b)(6) and (f).

Dated: March 8, 2016        Respectfully submitted,

**EXELON BUSINESS SERVICES COMPANY, LLC**

/s/ Tracy Hannan
One of its attorneys

Tracy A. Hannan
ARDC # 6281834
Assistant General Counsel
Exelon Corporation
10 S. Dearborn St., 49th Floor
Chicago, Illinois 60603
Telephone: 312-394-8994
Facsimile: 312-394-8322
Tracy.Hannan@exeloncorp.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, an attorney, hereby certify that I served the above and foregoing **EXELON BUSINESS SERVICES COMPANY, LLC'S MOTION TO DISMISS AND/OR STRIKE DEFENDANT'S COUNTERCLAIMS AND MEMORANDUM IN SUPPORT** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system, on this the 8th day of March 2016.

/s/ Tracy Hannan
Tracy A. Hannan
*Attorney for Exelon Business Services Co., LLC*