**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EXELON BUSINESS SERVICES COMPANY, LLC )<br>)<br>   Plaintiff, )<br>)<br>  v. )<br>)<br>PELCO STRUCTURAL, LLC )<br>)<br>   Defendant. ) | Case No. 1:16-cv-00611<br><br>Judge Robert M. Dow |

**AGREED PROTECTIVE ORDER
<u>GOVERNING CONFIDENTIAL INFORMATION</u>**

Plaintiff, Exelon Business Services Company, LLC ("Exelon"), and Defendant, Pelco Structural, LLC ("Pelco"), (collectively, "the Parties"), have agreed to this Protective Order Governing Confidential Information ("Protective Order") in order to facilitate the flow of discovery and to protect the interests of the Parties and third parties in the above-captioned matter against improper use and disclosure of confidential information submitted or produced in connection with this matter. It is hereby ORDERED THAT this Protective Order shall govern the handling of all Discovery Material, as hereafter defined:

1. As used in this Protective Order, "Confidential Information" means any Discovery Material that the producing party reasonably believes not to be in the public domain and reasonably believes contains non-public competitively sensitive information, including trade secrets or other confidential, strategic, research, development, or commercial information that, if disclosed, would materially affect the producing party's business, commercial or financial interests. "Discovery Material" shall refer to documents and information produced by a party or third party in connection with this matter.

2. Any Discovery Material may be designated by a producing party as "Confidential" under this Order. Such designation shall constitute a representation to the Court that counsel for the producing party believes in good faith that the material so designated constitutes Confidential Information as defined in this Protective Order.

3. Any documents, material or information produced in discovery in this action that are to be designated "Confidential" may be so designated by the producing party by furnishing a written notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production specifically identifying the portions of the documents or materials containing the Confidential Information, unless the entire document is designated as Confidential, and by providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL." This legend shall be affixed to each page of the document containing such material and shall not interfere with the legibility of designated documents. With respect to electronic documents, the party or protected person at the time such documents are produced shall specify in writing that the material is designated as Confidential.

4. Inadvertent production of or failure to designate any information as Confidential shall not be deemed a waiver of the producing party's claim of confidentiality as to such information, and the producing party may thereafter designate such information as Confidential as appropriate.

5. Except as otherwise provided herein, all information produced or discovered in this litigation and designated CONFIDENTIAL pursuant to this Protective Order, shall be used by the Parties solely for the prosecution or defense of this litigation, including appeals and retrials. No such information may be used by the Parties for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings unless that information has become publicly available without a breach of the terms of this Protective Order.

6. Except with the prior written consent of the producing party, or as hereinafter provided under this Protective Order, no Confidential Information may be disclosed to any person.

7. Notwithstanding paragraph 6, Confidential Information may be disclosed to:

    (a) members or employees of trial counsel's firm engaged in the preparation for any hearing or trial in this action;

    (b) subject to paragraph 8, third-party contractors and their employees retained for the purpose of assisting counsel in the litigation;

    (c) court reporters in the performance of their official duties, as well as persons operating video equipment at depositions;

    (d) this Court, including Court personnel;

    (e) subject to paragraph 8, expert witnesses or consultants who are retained by the non-designating party solely for purposes of this litigation; and

    (f) subject to paragraph 8 and 9, any other person upon the prior written consent of the producing party or upon order by the Court.

8. Those persons identified in paragraphs 7(b), (e) and (f), to whom Confidential Information is disclosed, shall be required by the disclosing party prior to disclosure to read this Protective Order, to agree in writing to be bound by its terms and conditions, and to subject themselves to the jurisdiction of this Court for the purpose of contempt proceedings if they violate this Protective Order. Each such person shall execute an acknowledgment in the form attached to this Protective Order as **Exhibit A** ("Acknowledgment"), prior to being given access to Confidential Information. Those persons identified in paragraphs 7(b), (e) and (f) above who testifies at a deposition or other hearing in this action may, in lieu of executing an Acknowledgement, agree on the record to abide by the terms of this Protective Order before receiving any Confidential Material. Counsel for the disclosing party shall maintain these written certifications, and they shall be available to the producing party's counsel for inspection

upon order of the Court, including after termination of the litigation. The provisions of this paragraph shall survive final termination of this action.

9. In the event any party desires to provide access to Confidential Information to any person not entitled to such access under this Protective Order, that party shall first request in writing an agreement to do so from the producing party. If the producing party refuses to enter into such an agreement within ten (10) business days, the requesting party may move the Court for an order that such person be given access. If the motion is granted, such person may have access to Confidential Information only after first signing an undertaking in the form of **Exhibit A**, a copy of which shall be forwarded promptly to counsel for the producing party, or under such other conditions as the Parties to this action and producing party may agree or this Court may order.

10. All persons who receive Confidential Information under any provision of this Protective Order shall keep all such information and materials within their exclusive possession and control, shall take all necessary, reasonable, and prudent measures to maintain the confidentiality of such materials or information, and shall not permit or participate in unauthorized dissemination of such Confidential Information to anyone.

11. Confidential Information may be used by any party at any deposition in this action provided that the terms of this Protective Order, including the restrictions on who may have access to such information, as set forth in paragraphs 5 through 10 shall apply.

12. The Parties may, at the time of the deposition or within 30 days after receiving a copy of the transcript of such deposition pursuant to paragraph 11, *supra*, designate parts or pages of the transcript (and exhibits thereto) as "CONFIDENTIAL," should those parts or pages included or refer to Confidential Information. Until the expiration of this 30-day period, the entire deposition shall be automatically designated "CONFIDENTIAL" and shall be treated as

subject to protection against disclosure under this Protective Order. Confidential Information within the deposition transcript may be designated by (1) requesting the court reporter to mark the page(s) that are confidential with "CONFIDENTIAL" or (2) underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL" and faxing a copy of the designation to the non-designating party within 30 days of receiving the transcript. If no party or deponent timely makes such a designation, then either party may use such transcript and its exhibits for any lawful purpose. If a timely designation is made, the CONFIDENTIAL portions and exhibits shall be subject to the terms of this Protective Order and, if any are filed with the Court, shall be filed under seal separate from the portions and exhibits not so marked.

13. Nothing in this Protective Order shall prevent a party from using at trial or hearing or during a deposition, or in connection with briefs or other papers filed with the Court, any Confidential Information, except that any such use shall not expand the persons to whom such documents or information may be disclosed pursuant to this Protective Order. Any Confidential Information, including that in deposition transcripts, as well as briefs and other papers containing or otherwise disclosing such information, which is filed with or otherwise submitted to the Court, shall be filed under seal, and the clerk of this Court is directed to maintain such material under seal. Each such document containing such Confidential Information shall be filed in a sealed envelope that shall be marked with the caption and docket number of this action, the name(s) or general description(s) of the document(s) contained therein, and the following notice:

**CONFIDENTIAL**
**PROTECTED BY COURT ORDER**

> This envelope contains Confidential Information subject to a Protective Order. The information and data contained in this envelope are protected against any use, disclosure or display by order of the Court. This envelope may not be opened for any purpose whatsoever except by order of the Court.

Moreover, any such document filed with the Court shall be stamped as "CONFIDENTIAL: Subject to Protective Order" on the first page. Prior to the use of any documents containing or referencing Confidential Information at trial or a hearing, the Parties will discuss with one another and the Court appropriate procedures to prevent disclosure of such information. Documents containing or referencing Confidential Information shall not become a part of the public record except upon the written consent of the Parties or unless permitted by this Court.

14. This Protective does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

15. If another court or an administrative agency subpoenas or orders production of documents containing or referencing Confidential Information which have been obtained subject to the terms of this Protective Order, such party shall promptly notify the party or other person who designated the information as "CONFIDENTIAL" of the pendency of such subpoena or order.

16. Within 60 days after final conclusion of all aspects of this litigation, all documents designated as "CONFIDENTIAL" and all copies, duplicates, extracts, summaries or descriptions of same (other than exhibits of record), shall be returned upon the written request of the designating party. Summaries, descriptions or other materials reflecting attorney work product, which contain a party's or third party's Confidential Information, may be destroyed in lieu of being returned, as may any other materials containing Confidential Information as to

which the Parties so stipulate. Trial counsel for each party may retain, consistent with the requirements of this Protective Order, one copy of each deposition transcript taken in this case notwithstanding that portions of the transcript are designated "CONFIDENTIAL."

17. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of documents designated "CONFIDENTIAL" and shall take reasonable and appropriate precautions to avoid loss or inadvertent disclosure of such documents. Such documents may be photocopied but all such copies shall retain protected status and shall be subject to the provisions of this Protective Order.

18. Should any documents containing or referencing Confidential Information be disclosed by a receiving party to any person not authorized to have access to such information under this Protective Order, the receiving party shall: (a) use its best efforts to obtain the prompt return of such documents and to bind such person to the terms of this Protective Order; (b) on the next business day following the discovery of such disclosure, inform such person of the provisions of this Protective Order and identify such person to the designating party; and (c) request such person to sign a copy of **Exhibit A** attached hereto. The requirements set forth in this paragraph shall not prevent the designating party from applying to the Court for further or additional relief.

19. No Party to this action shall be obligated to challenge the propriety of any confidential designation at the time such designation is made or such document is produced, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation. Any Party objecting to the designation of any document, information, or testimony as Confidential Material shall give counsel for the designating party written notice of its reasons for the objection and make

reasonable efforts to confer with counsel for the designating party in a good faith effort to resolve their differences. Failing resolution after such conference, the Party objecting may, on duly noticed motion, seek an order changing or removing the confidential designation. The designating party shall bear the burden of proof of demonstrating that good cause exists for the designated document, information, or testimony to come within the protection of or be subject to this Protective Order.

20. Non-waiver.

    a. Nothing in this Protective Order, nor the production in this action of any information or document under the terms of this Protective Order, nor any proceeding pursuant to this Protective Order, shall be deemed to have the effect in any other proceeding of (a) an admission or waiver by any Party or non-party, or (b) altering the confidential nature of any document or information, or (c) altering any existing obligation of any Party or non-party or the absence thereof.

    b. It is agreed that the entry of this Protective Order shall not constitute a waiver of any rights under any applicable law, Court rules, or both.

    c. Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any such action or omission, shall constitute a waiver of any claim or defense in the trial or hearing of this action that any document or information is proprietary and/or confidential to the designating party producing such document or information.

    d. Neither the designation of documents, information, or testimony as Confidential Material, nor any failure to so designate documents, information, or testimony as such, shall constitute evidence in this action on any substantive issue at trial.

    e. By producing documents, information, and testimony pursuant to this Protective Order, none of the Parties waives any objection, including but not limited to the inadmissibility or use of such documents or testimony at trial or hearing.

    f. The procedures set forth herein shall not affect the rights of any Party or non-party to object to discovery on any grounds.

21. By written agreement of the Parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.

22. The provisions of this Protective Order shall continue to be binding after termination of the underlying action.

23. The Parties agree that the United States Federal Court in the Northern District Illinois shall have jurisdiction over the Parties, their attorneys, experts, and persons authorized under this Protective Order to receive Confidential Information for enforcement of the provisions of the Protective Order following the termination of this litigation and, by the undersigned stipulation to this Protective Order, hereby consent to the Court's jurisdiction.

24. This Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated: June 3, 2016               ENTERED:

                                  _____
                                  Honorable Robert M. Dow

Prepared by:

/s/ Tracy Hannan
Tracy A. Hannan
ARDC # 6281834
Assistant General Counsel
Exelon Corporation
10 S. Dearborn St., 49th Floor
Chicago, Illinois  60603
Telephone: 312-394-8994
Facsimile: 312-394-8322
tracy.hannan@exeloncorp.com
*Counsel for Plaintiff*

/s/ Robert J. Franco
Robert J. Franco
ARDC # 6187971
Franco & Moroney, LLC
500 West Madison St., Suite 2440
Chicago, Illinois 60661
Telephone: (312) 469-1000
Robert.franco@francomoroney.com
*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EXELON BUSINESS SERVICES COMPANY, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:16-cv-00611 |
| PELCO STRUCTURAL, LLC | ) ) | Judge Robert M. Dow |
| Defendant. | ) | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

_____ hereby acknowledges and agrees that he/she has been provided a copy of the Agreed Protective Order Governing Confidential Information ("Protective Order") entered in the above-captioned action; he/she has read the Protective Order; he/she agrees to be bound by its terms; and he/she subjects himself/herself to jurisdiction of United States Federal Court in the Northern District Illinois for purposes of any action to enforce the terms of the Protective Order.

_____  _____
  Date        Name