IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXELON BUSINESS SERVICES, COMPANY, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 16-cv-00611 |
| PELCO STRUCTURAL, LLC, | )<br>)<br>) |
| Defendant. | ) |

### NON-PARTY MJ ELECTRIC LLC'S RESPONSE TO PELCO STRUCTURAL, LLC'S MOTION FOR RULE TO SHOW CAUSE AND REQUEST FOR FEES AND COSTS

Non-party MJ Electric LLC ("MJ Electric"), by and through its attorneys, BRYCE DOWNEY & LENKOV LLC, responds to Pelco Structural, LLC's ("Pelco's") Motion for Rule to Show Cause, and in support thereof states as follows:

1. This matter commenced on January 15, 2016—almost exactly two years ago.

2. The court's ruling on November 28, 2017, stating that all fact discovery is set to close on February 14, 2018, comes almost two years after the commencement of this action.

3. As the court is well aware from earlier discovery disputes, Pelco has been issuing discovery requests to MJ Electric since March of 2016. *See* MJ Electric's Motion to Quash or for a Protective Order Pursuant to Federal Rule of Civil Procedure 45(d) ("Motion to Quash"), attached hereto as Exhibit A. In fact, back in July 2016, MJ Electric produced a disc to Pelco containing over 44,000 documents. *See id.* The information contained within these 44,000 documents placed Pelco in a dominant position to proceed with additional fact discovery such as fact depositions.

4. Pelco has had ample time to take the depositions of MJ Electric employees such as Karen Tower, John Holtz, and Edward Mowry. However, rather than proceed months ago

with fact depositions, Pelco insisted only on taking the Rule 30(b)(6) deposition of a MJ Electric representative (at MJ Electric's own expense)—a request that ultimately was completely denied by the Court on December 7, 2017. A copy of the Court's December 7, 2017 Order is attached hereto as Exhibit B.

5. Not until the court's November 28, 2017 ruling regarding the close of fact discovery did Pelco suddenly spring into action and demand that MJ Electric produce three fact witnesses in very short order. Pelco waited until December 6, 2017 to issue a deposition subpoena to Edward Mowry. Pelco waited until December 13, 2017 to issue deposition subpoenas to Karen Tower and John Holtz.

6. On December 14, 2017, counsel for MJ Electric informed counsel for Pelco that it would not be pushed to produce deponents within a cramped time period, particularly where Pelco has known about MJ Electric witnesses for nearly two years but has done nothing until the final weeks of fact discovery. Specifically, MJ Electric stated:

> Understand MJ Electric has no interest in your case. This case has been pending for years. You folks have known about our witnesses for a very long time. To now try to jam depositions into a tiny time frame created by you is unacceptable to us. We will get back to you about dates. But we are not going to be pushed to meet a deadline artificially created by you because you waited to the last minute to ask for depositions of witnesses you have known about for years. You have asked for 3 depositions[:] Karen Tower, John Holtz and Ed Mowry. You are waiving the taking of the deposition of Joe Mahoney.

*See* email from Geoffrey A. Bryce to Andrew Lesko dated December 14, 2017, attached hereto as Exhibit C.

7 Contrary to Pelco's assertions, MJ Electric has not refused to produce witnesses. Rather, MJ Electric has indicated repeatedly to Pelco that it is working on possible dates. Indeed, in an email dated January 3, 2018 from Geoffrey Bryce to Pelco's attorney, Mr. Bryce stated that he would be meeting with representatives of MJ Electric on Monday, January 15,

2018 to discuss deposition availability, among other matters. That being said, in the meantime, Mr. Bryce indicated to Pelco's counsel that Mr. Holtz has many responsibilities and conflicts and might not be available before February 14, 2018. *See* email dated January 3, 2018 from Geoffrey A. Bryce to Andrew Lesko, attached hereto as Exhibit B.

8. Although counsel for MJ Electric will not be meeting with potential MJ Electric deponents until January 15th, the following is known: MJ Electric installs electric utility towers, substations and transmission lines and engages in extremely large and complex projects on behalf of utilities. John Holtz is Vice President of the Utility Division and manages approximately 34 different crews. Ed Mowry is a General Foreman and is currently working in Freeport, Illinois, which is some two hours outside of Chicago. Karen Tower is a Senior Project Manager who is responsible for all MJ Electric transmission work. Each of these individuals is extremely busy and involved in a large number of jobs. In Mr. Mowry's case, he is not even currently located in Chicago.

9. Furthermore, with respect to each of these people, the scheduling of deposition-preparation time and deposition-taking time is not an easy task and requires a period of careful planning. Pelco chose the busy holiday season to start scheduling depositions, at the final hour, with extremely busy deponents, and is surprised when it is met with consternation and resistance. Although MJ Electric will do its best to schedule depositions prior to the fact discovery deadline, MJ Electric, as a nonparty, is not bound by the deadline.

10. Additionally, as it did in its earlier Motion to Quash, MJ Electric again will be seeking compensation from Pelco for the time spent in preparing Mr. Holtz, Mr. Mowry, and Ms. Tower for their depositions. MJ Electric fully elaborated upon its claim for full reimbursement of fees and costs in its Motion to Quash—a position with which the Court agreed when it ruled in

MJ Electric's favor and quashed Pelco's Rule 30(b)(6) subpoena. MJ Electric reiterates these same arguments herein, including that it already has incurred over $35,000 in litigation expenses through the production of over 44,000 documents to Pelco and by voluntarily participating in the parties' mediation efforts, and that this is an excessive amount of money already to have been incurred by a non-party. *See* Motion to Quash, at 6.

11. As stated earlier to the court, MJ Electric anticipates that it will incur thousands of dollars in litigation fees and lost employee productivity in the course of preparing three deponents for their depositions. Fees of the nature MJ Electric expects to incur are excessive and burdensome when incurred by a non-party. Fee-shifting is therefore absolutely appropriate under these circumstances. *See United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party."); *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C.Cir. 2001) (noting that under the revised Rule 45, where expenses are "significant," "the court must protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'non-significant'").

12. For the foregoing reasons, non-party MJ Electric respectfully requests that this court deny Pelco's Motion for Rule to Show Cause and, further, that it grant MJ Electric's entitlement to full reimbursement for any fees and costs incurred in the preparation and taking of the depositions of John Holtz, Ed Mowry, and Karen Tower.

Respectfully submitted,

BRYCE DOWNEY & LENKOV LLC

BY: /s/ Geoffrey A. Bryce
One of the Attorneys for Non-Party
MJ ELECTRIC LLC

Geoffrey A. Bryce (#3128821)
Bryce Downey & Lenkov LLC
200 N. LaSalle Street, Suite 2700
Chicago, IL 60601
gbryce@bdlfirm.com
Phone: (312) 377-1501
Fax:    (312) 377-1502

## CERTIFICATE OF SERVICE

I certify that on the 12th day of January, 2018, the foregoing *Non-Party MJ Electric LCC'S Response to Pelco Structural, LLC'S Motion for Rule to Show Cause and Request for Fees and Costs* was served electronically. Notice of this service will be sent to attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Geoffrey A. Bryce