UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXELON BUSINESS SERVICES COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PELCO STRUCTURAL, LLC,<br><br>Defendant. | Case No.: 1:16-cv-00611<br><br>Hon. Robert M. Dow, Jr. |

**PLAINTIFF EXELON BUSINESS SERVICES COMPANY, LLC'S
MOTION TO ADMIT EXHIBITS 529 AND 530 FOR IMPEACHMENT PURPOSES
AGAINST PELCO STRUCTURAL, LLC'S TRIAL WITNESS PHIL ALBERT**

Exelon Business Services Company, LLC ("Exelon") moves to admit for impeachment purposes the pleadings filed by Pelco Structural, LLC ("Pelco") and its former president and trial witness, Phil Albert, in their lawsuit against each other, *Phil B. Albert v. Pelco Structural, LLC*, Case No. CJ-19-439, District Court of Rogers County, Oklahoma ("Oklahoma lawsuit").[1]

**INTRODUCTION**

1.     After the trial concluded, Pelco and Phil Albert filed pleadings in their Oklahoma lawsuit that contradict the evidence they offered at trial, and the Court should consider their inconsistent statements and conduct in deciding their credibility. Specifically, Mr. Albert's petition contradicts his sworn deposition testimony that Pelco had only two pole failures in 2012 and 2016, and admits Pelco had a third, $15-20 million pole failure in January 2018. His petition explains how NextEra Energy reported the pole failure to Pelco in January 2018; he communicated the failure to Pelco's senior management and principal; and within weeks he had

---

[1] Attached as Exhibits 529 and 530 are, respectively, Mr. Albert's petition filed against Pelco and Pelco's answer and counterclaim filed against Mr. Albert.

1

Pelco deliver replacements to NextEra Energy. Mr. Albert also claims that Pelco wrongfully terminated him after he reported the pole failure and inspection problems to Pelco's senior management and principals. Pelco's counterclaim against Mr. Albert in the Oklahoma lawsuit outright attacks his credibility, stating that Mr. Albert stole, embezzled, defrauded, and made unauthorized secretive payments from Pelco of more than $7.4 million. Pelco and Mr. Albert's pleadings should be admitted in this case for impeachment purposes, especially as this Court held the record open for additional evidence.

## ARGUMENT

**I.   This Court Has Broad Discretion to Admit Additional Evidence After Trial.**

2.   In civil bench trials, district courts have broad discretion to admit additional evidence after the trial. *See* Fed. R. Evid. 611; *Johnson v. Hix Wrecker Serv., Inc.*, 528 F. App'x 636, 639 (7th Cir. 2013). Indeed, "it is precisely the function of a judicial proceeding to determine where the truth lies," and district courts should "conduct civil trials with an eye toward discovering the truth." *Johnson*, 528 F. App'x at 639 (affirming the trial court's admission of additional evidence, and quoting *Imbler v. Pachtman*, 424 U.S. 409, 439 (1976)).

3.   Here, the Court should exercise its broad discretion to admit Pelco and Mr. Albert's pleadings in the Oklahoma lawsuit as evidence in its search for the truth. Admitting their pleadings as evidence after trial will not prejudice Pelco because the record was explicitly held open for additional evidence, Pelco has been aware of the statements in these pleadings, and post-trial briefing has not yet begun. As this motion also makes clear, Exelon has timely moved to admit the pleadings as evidence—and not for the purpose of delay or prejudice—and Pelco will have an opportunity to respond and attempt to rebut the evidence in post-trial briefing. Thus, Pelco and Mr. Albert's pleadings should be admitted as additional evidence for the Court.

2

**II.     Pelco and Mr. Albert's Pleadings Are Admissible Impeachment Evidence.**

4.     Pelco and Mr. Albert's pleadings in the Oklahoma lawsuit are admissible to impeach Mr. Albert's credibility because Pelco both designated Mr. Albert's deposition testimony for its case-in-chief (ECF No. 132-133) and relied on his testimony with its experts (Trial. Tr. 869:12-15, 958:1-8). Federal Rule of Evidence 806 therefore broadly authorizes evidence attacking Mr. Albert's credibility, regardless of when it occurred or whether he had an opportunity to explain or deny it:

> When a hearsay statement … has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness.
>
> The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it.

Fed. R. Evid. 806.[2]

5.     As noted above, Mr. Albert's petition in the Oklahoma lawsuit is inconsistent with his February 2018 deposition testimony. Mr. Albert testified, as president of Pelco who was responsible for all of its activities, that Pelco only had two failures in 2012 and 2016:

> Q.     How many projects do you recall where you had to replace a part?
> A.     Two.
> Q.     How many years apart were these incidents?
> A.     One occurred in 2012; one occurred in 2016.
> …
> Q.     Outside of those two jobs that you just referenced, do you know of any other occurrences of a failed part as it pertains to work that Pelco has done?
> A.     No.
> …

---

[2] Mr. Albert's deposition, admissible as former testimony under Federal Rule of Evidence 804(b)(1), falls within Federal Rule of Evidence 806 as a hearsay statement admitted in evidence.

>   Q. Just to be complete, were there any other inspection issues in any other jobs that you are aware of outside of what's already been discussed?
>   A. No.

Dep. Phil Albert at 129:20-133:3, ECF No. 133.

    6.    In his petition, however, Mr. Albert admits that Pelco had yet another $15-20 million failure in January 2018. Ex. 529 at 5-6, ¶¶ 32-36.  His petition explains that NextEra Energy reported the failure to Pelco in January 2018 (*id.* at ¶ 32), he communicated the failure to Pelco's senior management and principals (*id.* at ¶ 33), and within weeks he caused Pelco to deliver replacements to NextEra Energy (*id.* at ¶ 34).  Mr. Albert also states in March 25 or April 1, 2019, NextEra Energy advised him that it had material concerns as to additional potential failures of Pelco's products.  *Id.* at ¶ 36.  When Mr. Albert told Pelco's senior management and principals about the potential liability to NextEra Energy and his belief that Pelco had not met the specifications for inspections, Mr. Albert claims that Pelco wrongfully terminated him as president.  *Id.* at ¶¶ 37-38.  Mr. Albert's inconsistent statements in the Oklahoma lawsuit are unquestionably admissible to impeach his deposition testimony.  Fed. R. Evid. 806; *see also United States v. Lashmett*, 965 F.2d 179, 182 (7th Cir. 1992) ("inconsistent statements can severely undermine the credibility of a witness, by showing either a flimsy recollection of events or worse, a propensity to lie"); *United States v. Seymour*, 472 F.3d 969, 970 (7th Cir. 2007) ("An omission can be as dishonest as an outright lie").

    7.    Additionally, Pelco's counterclaim against Mr. Albert in the Oklahoma lawsuit should be admitted because it directly attacks Mr. Albert's credibility. Pelco admits that Mr. Albert has stolen, embezzled, defrauded, and made unauthorized secretive payments in excess of $7.4 million from Pelco.  Ex. 530 at 10-25.  As the Seventh Circuit held in a Rule 608(b) analysis, "people generally regard acts such as stealing (and receiving and using stolen property)

as acts that reflect adversely on a man's honesty and integrity." *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1567 (7th Cir. 1990) (citation omitted). In fact, such acts "'disclose a disregard for the rights of others which might reasonably be expected to express itself in giving false testimony whenever it would be to the advantage of the witness." *Id.* (citations omitted).

8. For these reasons, Pelco and Mr. Albert's pleadings against each other in the Oklahoma lawsuit should be admitted to impeach Mr. Albert's credibility under Federal Rule of Evidence 806.

## CONCLUSION

**WHEREFORE**, Plaintiff Exelon Business Services Company, LLC respectfully requests that the Court admit for impeachment purposes the pleadings filed by Pelco Structural, LLC ("Pelco") and its former president and designated witness, Phil Albert, in *Phil B. Albert v. Pelco Structural, LLC*, Case No. CJ-19-439, District Court of Rogers County, Oklahoma, which are attached as Exhibits 529 and 530.

Dated: June 8, 2020                              Respectfully submitted,

**EXELON BUSINESS SERVICES COMPANY, LLC**

*/s/ Lauren Jaffe*
Heather H. Harrison (#6296693)
Tracy A. Hannan (#6281834)
Assistant General Counsel
EXELON CORPORATION
10 S Dearborn St., 49th Floor
Chicago, Illinois 60603
Telephone: 312-394-8994
Facsimile: 312-394-8322
tracy.hannan@exeloncorp.com
heather.harrison@exeloncorp.com

Mariangela M. Seale (#6293433)
Brian O. Watson (#6304248)
Lauren Jaffe (#6316795)

5

                                        Joy Anderson (#6320219)
                                        RILEY SAFER HOLMES & CANCILA LLP
                                        Three First National Plaza
                                        70 W. Madison St, Ste. 2900
                                        Chicago, Illinois 60602
                                        Telephone: (312) 471-8700
                                        Facsimile: (312) 471-8701
                                        mseale@rshc-law.com
                                        bwatson@rshc-law.com
                                        ljaffe@rshc-law.com
                                        janderson@rshc-law.com
                                        www.rshc-law.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that these papers were filed and served on all counsel of record via the Court's CM/ECF electronic filing system on June 8, 2020.

*/s/ Lauren Jaffe*