UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXELON BUSINESS SERVICES COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PELCO STRUCTURAL, LLC, <br><br> Defendant. | Case No.: 1:16-cv-00611 <br><br> Hon. Robert M. Dow, Jr. |

**PELCO STRUCTURAL, LLC'S RESPONSE TO EXELON'S MOTION
TO ADMIT EXHIBITS FOR IMPEACHMENT PURPOSES**

NOW COMES Pelco Structural, LLC ("Pelco"), by and through its counsel, FRANCO MORONEY BUENIK, LLC, and in response to the Motion of Exelon Business Services Company, LLC ("Exelon") to Admit Exhibits for Impeachment Purposes, states as follows:

**I.    INTRODUCTION**

This Court held a bench trial in this matter from August 15, 2019 through August 28, 2019, and, except for a site visit, ordered: "Bench trial held and completed." Dkt. #141. Pelco's former President, Phil Albert, testified by way of designation of excerpts from his February 9, 2018 deposition. Exelon never designated for trial any portion of Mr. Albert's deposition which inquired into previous arm failures. *See* Dkt. #133 (parties' trial designations of Albert deposition). Yet, nearly ten months after trial and on the eve of this Court's ruling, Exelon now asks this Court to accept "for impeachment purposes" two cross-pleadings which Mr. Albert and Pelco filed against each other in employment-related litigation in Oklahoma state court after the trial was completed. Those pleadings present issues which have not been resolved and stand as contested facts. What is lost in all of this is that there are incredible pressures placed on a small company by

1

a multi-billion-dollar utility making a claim which is completely overblown. Now that Exelon has created that pressure and anxiety, it looks to profit from the result.

The Federal Rules of Evidence and related authorities do not allow the use of such evidence for impeachment on collateral matters. Despite that, Exelon has pursued this line of character assassination and commercial disparagement in order create an improper advantage. The only purpose is to smear a small company, embarrass its executives, and attempt to unduly influence this Court on the eve of its trial decision.

**II.    SUMMARY**

Many problems exist with Exelon's request for after-the-fact impeachment. The first is that the subjects of the proposed impeachment are clearly collateral – whether Pelco experienced product failure with another client, and whether Albert embezzled money from Pelco. These accusations are made in a suit in Oklahoma, where Pelco and Albert denied the allegations made on both of those subjects. It is well established that extrinsic evidence cannot be used to impeach on collateral matters, both in general and on questions of character. Fed. R. Evid. 608(b); see also, *Newman v. Gaetz*, No. 08 C 4240, 2011 WL 320229, at *1 (N.D. Ill., Jan. 31, 2011) (Dow, J.).

Second, the part of Mr. Albert's deposition Exelon now seeks to impeach with Albert's Oklahoma complaint was never designated by either party for use in the August 2019 trial proceedings. The reason is that this testimony was irrelevant and immaterial to the issues in dispute, even according to Exelon. Nor would the subject of the proposed impeachment be relevant to any issue remaining for this Court to decide. Moreover, Mr. Albert no longer works for Pelco, cannot be compelled to appear here, and therefore cannot offer any explanation or in any way rebut the purportedly impeaching material – which is not even a "prior inconsistent statement" but a *subsequent* statement. Exelon seeks "paper impeachment" of Albert, without any authority for

this bizarre procedure, and contrary to the general principles of FED. R. EVID. 613(b) which give witnesses an opportunity to explain the purported inconsistencies. To make matters worse, Exelon does not seek to impeach Albert's trial testimony, but instead seeks to impeach portions of his deposition testimony that Exelon never introduced at trial.

Finally, while Exelon cites generally to caselaw allowing District Courts to "receive evidence" after a bench trial, it fails to acknowledge that this power comes from FED. R. CIV. PROC. 59(b)(2), which only refers to "tak[ing] additional testimony," not receiving new, unexplained, contested documents which are not evidence. The well-established caselaw in this Circuit and elsewhere states that Rule 59 does not allow re-opening of proceedings solely for impeachment purposes, which Exelon freely admits. On this Record, Exelon's motion is wholly improper.

### III. IMPEACHMENT BY EXTRINSIC EVIDENCE IS NOT PERMITTED ON COLLATERAL MATTERS

Both issues on which Exelon seeks impeachment are collateral matters. The first issue is whether Pelco was involved in a product failure in 2018, years after the incident in question – an irrelevant inquiry due to Pelco's admission in this case that its arm failed. The second issue is whether Albert embezzled from Pelco. Both are collateral to the issues before this Court and are not subject to impeachment by extrinsic evidence.

As this Court has explained the relevant rules:

> Impeachment by contradiction is a valid method of impeachment and 'simply involves presenting evidence that part or all of a witness' testimony is incorrect.'" *United States v. Kozinski*, 16 F.3d 795, 805 (7th Cir. 1994) (*quoting Simmons, Inc. v. Pinkerton's, Inc.*, 792 F.2d 591, 604 (7th Cir. 1985)). However, "one may not impeach by contradiction regarding 'collateral or irrelevant matters.'" *Id.* Similarly, "extrinsic evidence may not be used to prove impeachment on a collateral matter." *United States v. Senn*, 129 F.3d 886, 894 (7th Cir. 1997). "A matter is collateral if it 'could not have been introduced into evidence for any purpose other than contradiction.'" *United States v. Williamson*, 202 F.3d 974, 979 (7th Cir. 2000) (*quoting United States v. Jarrett*, 705 F.2d 198, 207 (7th Cir.1983)).

3

*Newman v. Gaetz*, No. 08 C 4240, 2011 WL 320229, at *1 (N.D. Ill., Jan. 31, 2011) (Dow, J.). The request must be denied on these standards alone.

### A. A Purportedly Inconsistent Statement Cannot Be Used to Impeach a Witness on a Statement He Never Made at Trial.

The first item Exelon seeks to introduce is a series of allegations contained in Albert's Complaint in the matter captioned *Phil B. Albert v. Pelco Structural, L.L.C., et al.,* Case CJ-19-439, filed Nov. 1, 2019, in the District Court of Rogers County, Oklahoma ("*Albert* Complaint"), Dkt. # 153-1. In ¶ 32, Albert alleged that a Pelco customer, NextEra Energy, reported to Pelco "a product failure manufactured by [Pelco] for a NextEra project in Texas." Albert alleged that he "communicated this to senior management … and the other principals" at Pelco. Dkt. #153-1, at ¶ 33. He alleged that "within weeks" of learning of NextEra's concerns, he caused Pelco "to manufacture and deliver certain replacement products to NextEra." *Id.,* ¶ 34. The *Albert* Complaint references a meeting with NextEra in Florida in the weeks of March 25 or April 1, 2018. *Id.,* ¶ 35.

Exelon contends that these allegations – which Pelco denied in its answer to the *Albert* Complaint (*see,* Dkt. #153-2) – were a "subsequent inconsistent statement" to a passage in Albert's February 9, 2018 deposition testimony in which he was asked if he knew of any other instances where a Pelco product had failed, requiring replacement. There is first a question whether the referenced statements in the *Albert* Complaint are actually inconsistent with the February 9 deposition testimony, because we do not know whether Albert's "causing" of Pelco to replace products "within weeks" of a January complaint took place before or after the February 9 deposition. (Exelon conveniently omits the date of Albert's deposition).

But more importantly, no part of Albert's deposition which Exelon now claims to have been impeached by the later *Albert* Complaint (Dkt. #153, at 3-4, quoting and citing to Dkt. #133-

4

2, at 129:20-133:3) was designated by either party as trial testimony. Dkt. #13 (the Albert deposition, is broken into several parts because of its length, and Dkt. #133, the first part, shows Exelon's trial testimony designations in yellow, and Pelco's in purple. The section quoted and referenced in Exelon's Motion seeking impeachment is not highlighted at all). *See also* Trial Ex. 292 (Albert's Trial Designations).

In other words, Exelon is asking this Court to introduce the *Albert* Complaint to impeach Albert's statements which were not part of the evidence at trial -- meaning that even Exelon did not believe such testimony was relevant or material. There is no authority for such an unorthodox request, and Exelon does not cite any. By not designating the parts of Albert's deposition that it wants to now impeach, Exelon has waived any impeachment. This tactic is more evidence of Exelon's bad faith and the improper purpose behind its request. To be sure, Exelon admits that the sole purpose for its motion is for impeachment – meaning to prejudice Pelco.

Moreover, even if there were a proper basis to ask this Court to consider the *Albert* Complaint as an inconsistent statement, it would only be fair to do so if the witness were given the chance to explain that statement. As applied to prior inconsistent statements,[1] FED. R. EVID. 613(b) states that:

> Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires.

---

[1] There is some question whether Rule 613(b) even applies to *subsequent inconsistent statements*. *See, e.g., U.S. v. Bibbs,* 564 F.2d 1165 (5th Cir. 1977). However, even those authorities recognize that FED. R. EVID. 102 requires District Courts to "administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Thus, "most courts consider the touchstone of admissibility under Rule 613(b) to be the continued availability of the witness for recall to explain the inconsistent statements." *Wammock v. Celotex Corp.*, 793 F.2d 1518, 1522 (11th Cir. 1986) (collecting cases).

Albert is not a party to this case, nor is he within the trial subpoena power of this Court, which is the reason why his trial testimony was given by the parties designating excerpts from his deposition. To allow Albert no opportunity to explain the statements in his Complaint in comparison to his deposition (including the timing of the NextGen customer complaint) is fundamentally unfair to Pelco and contrary to the Rules.

### B. An Unadjudicated Allegation of Dishonest Conduct is Inadmissible for Impeachment.

The second item which Exelon seeks to use for impeachment is Pelco's answer to the *Albert* Complaint, which contains a Counterclaim accusing Albert of financial improprieties while working at Pelco. It does not appear that Albert was required to file an answer to the Counterclaim under Oklahoma procedures, although he moved to compel arbitration of the entire proceedings and appears to contest those allegations. As such, those allegations are evidence of nothing.

FED. R. EVID. 608 regulates the admission of evidence of a witness's character for truthfulness or untruthfulness. Rule 608(b) states, in pertinent part, about the use of extrinsic evidence:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness; or
>
> (2) another witness whose character the witness being cross-examined has testified about.

The Advisory Committee Notes to the 2003 Amendments confirm that:

> The Rule has been amended to clarify that the absolute prohibition on extrinsic evidence applies only when the sole reason for proffering that evidence is to attack or support the witness' character for truthfulness.

*Citing, United States v. Abel*, 469 U.S. 45 (1984); *United States v. Fusco*, 748 F.2d 996 (5th Cir. 1984) (Rule 608(b) limits the use of evidence "designed to show that the witness has done things, unrelated to the suit being tried, that make him more or less believable *per se*"). That is what Exelon asks this Court to do here since there are allegations of fraud, and no conviction of it. Exelon is seeking impeachment by innuendo.

The Pelco Counterclaim to the *Albert* Complaint is extrinsic evidence, disputed by Albert in the Oklahoma proceedings, and subject to proof and adjudication in due course, either in the Oklahoma state courts or in arbitration (if the motion to compel arbitration is granted). It is not available here to impeach Albert. *See, United States v. Morrison*, 98 F.3d 619, 628 (D.C. Cir. 1996) ("the mere filing of a complaint is not 'probative of truthfulness or untruthfulness,' regardless of whether the allegations in the complaint, if true, would seriously undermine the witness' credibility.") (precluding cross-examination of witness with allegations of civil complaint). Furthermore, the Rule's exception, for cross-examination, is inapplicable to a witness like Albert who testified by way of deposition excerpts and is no longer available to be examined.

Exelon attempts to justify the use of the Counterclaim by referring to FED. R. EVID. 806 which provides that "the declarant's credibility may be attacked, and then supported, by any evidence *that would be admissible for those purposes* if the declarant had testified as a witness." (Emphasis added). Rule 608 expressly provides that extrinsic evidence is "not admissible" to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Reading these two Rules together, courts have held that "Rule 806 does not modify Rule 608(b)'s ban on extrinsic evidence of prior bad acts in the context of hearsay declarants, even when those declarants are unavailable to testify. *United States v. Saada*, 212 F.3d 210, 221 (3d Cir. 2000). Therefore, Rule 806 does not make the Pelco Counterclaim admissible.

### C. Rule 59 Does Not Allow a Case to be Reopened for Impeachment.

Exelon argues that this Court has the discretion to admit additional evidence after conducting a bench trial. *See,* Dkt. # 153, at 2, *citing, Johnson v. Hix Wrecker Serv., Inc.,* 528 F. App'x. 636, 639 (7th Cir. 2013). But Exelon's argument fails to note or cite the Federal Rule which confers that power, which is FED. R. CIV. P. 59(a)(2), which states:

> **(2) Further Action After a Nonjury Trial**. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Rule 59 is what supported the *Johnson* decision. 528 F. App'x. at 639, *quoting,* Rule 59(a)(2). It is black-letter law that:

> To succeed on a motion under Rule 59, a party must show that: (1) it has evidence that was discovered post-trial; (2) it had exercised due diligence to discover the new evidence; (3) *the evidence is not merely cumulative or impeaching*; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result.

*Envtl. Barrier Co., LLC v. Slurry Sys., Inc.*, 540 F.3d 598, 608 (7th Cir. 2008) (citations omitted, emphasis added). *See also, Marcus & Millichap Inv. Servs. of Chicago, Inc. v. Sekulovski*, 639 F.3d 301, 313-14 (7th Cir. 2011); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). The only purpose offered for both of the new documents is to impeach Albert.

Furthermore, the *Johnson* District Court re-opened the bench trial to hear newly-discovered evidence, which is contemplated by the language in Rule 59(a) allowing the District Court "to take additional testimony." The evidence in *Johnson* was not just for impeachment. What Exelon wants is for this Court to read the unproven cross-allegations against each other in employment litigation, without any testimony or context to be presented by either side. Nothing in the Rule permits such "paper impeachment," which is much like an audience member throwing rotten fruit after the actor has left the stage.

8

WHEREFORE, Defendant Pelco Structural, LLC, respectfully requests this Honorable Court to deny Exelon's Motion to Admit Exhibits for Impeachment Purposes, and strike the Motion and its Exhibits (Dkt. #153, #153-1 and #153-2) from the record.

                Respectfully submitted,

                By:  /s/*Robert J. Franco*_____
                      Robert J. Franco

                *One of the Attorneys for Pelco Structural, LLC*

Robert J. Franco
Andrew P. Lesko
**FRANCO MORONEY BUENIK, LLC**
500 West Madison St., Suite 2440
Chicago, Illinois 60661-2510
312-469-1000
312-469-1011 – fax
robert.franco@francomoroney.com
andrew.lesko@francomoroney.com

9