AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| Exelon Business Services | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 16-cv-00611 |
| Pelco Structural, LLC | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: M.J. Electric, LLC, 1200 Roosevelt Rd., #400, Glen Ellyn, IL 60137

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached Rider to Subpoena.

| Place: Franco & Moroney<br>500 W. Madison St, Suite 2440<br>Chicago, IL 60661 | Date and Time:<br>07/20/2017 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/28/2017

CLERK OF COURT

_____  OR  *Robert Franco*
Signature of Clerk or Deputy Clerk         Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Pelco Structural, LLC _____, who issues or requests this subpoena, are:
Robert Franco, 500 W Madison St., Ste. 2440, Chicago, IL 60661, robert.franco@francomoroney.com, (312) 469-1000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16-cv-00611

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA TO
## M. J. Electric, LLC

## DEFINITIONS

1. "M. J. Electric", "You" or "Your" refers to M. J. Electric, LLC and any parents, subsidiaries, divisions, affiliates, predecessors or successors in interest, as well as present and former officers, directors, employees, representatives, trustees, attorneys, accountants, investigators, predecessors or successors in interest, and any other person acting or purporting to act on its behalf.

2. "Pelco" or "Defendant" shall mean Pelco Structural, LLC, their shareholders, directors, officers, employees, agents, and all other persons acting or purporting to act on their behalf as well as all subsidiaries, divisions, affiliates and the present or former officers, directors, employees, agents, representatives, servants and functionaries.

3. "Tollway Project" shall mean the Illinois Tollway's Elgin/O'Hare project in 2014 and 2015 and any and all work M.J. Electric performed for or on behalf of Exelon or Com Ed related to that Project, including but not limited to remediation work performed on or related to 64 conductor arms Pelco manufactured and supplied in support of the Project.

4. "Communication(s)" shall mean any written or oral expression of any nature and includes, but is not limited to, spoken words, conversations, meetings, conferences, discussions, talks, and reports, whether transmitted in person or by any electronic device such as telephone or radio. Any "communication" that is in writing shall be considered a type of document, and thus any request for documents includes a request for communications. Furthermore, "communication" shall be construed coextensively with

"document", so that a request for either shall be a request for anything discoverable under the applicable Illinois Rules of Civil Procedure.

5. "Document(s)" shall mean all written or graphic communications of any kind, or other tangible items, however produced, whether printed, recorded, written or produced by hand, whether draft or final, original or reproduction, internal or otherwise, including, but not limited to, letters, correspondence, or other written communication, telefaxes, telegrams, memoranda, summaries, reports, records, or oral conversations, original or preliminary notes, electronic transmissions, mail, calendars, travel records or itineraries, forecasts, analysis, projections, magnetic media, work papers, photographs, tape recordings, videotapes, microfilms, movies, slides, data stored in any computer media (including any and all metadata), CD, computer runs or printouts, e-mails, voicemails, text messages, SMS messages, instant messages, recordings of any type, models, statistical statements, graphs, spreadsheets, accounting input and output, minutes and records of meetings, minutes and records of conferences, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, audits, evaluations, records, summaries of negotiations, contracts, agreements, leases, loan agreements, insurance policies, brochures, pamphlets, advertisements, circulars, drawings, trade letters, press releases, invoices, receipts, delivery tickets, order forms, purchase orders, requisitions, tabulations, charts, guides, outlines, abstracts, plans, drawings, specifications, blueprints, and studies, and/or non-identical copies of any one or more of the foregoing or material similar to any of the foregoing, including preliminary drafts or revisions or copies of any of the foregoing that are in any way different from the original in M. J. Electric's possession, custody, or control, or the possession, custody, or control of M. J. Electric's

counsel, independent public accountants, agents, employees, and/or persons acting on M.J. Electric's behalf. As used herein, "control" means the actual possession, constructive possession, beneficial ownership, power to obtain, and ability to control any document.

6. "Person(s)" means any natural person or any business, legal, or governmental entity.
7. "Refer" or "referring" or "referred" shall be construed in their broadest sense and mean setting forth, reflecting, discussing, containing, or mentioning.
8. "Relate to" or "related to" or "relating to" shall be construed in their broadest sense and shall mean consist of, refer to, reflect on, arise out of, or be in any way or manner legally, factually, or logically connected with the matter discussed.
9. "Regarding", "concern," "concerning," or "in connection with" means directly or indirectly relating to, referring to, describing, evidencing, constituting, pertaining to, being connected with, or reflecting upon a stated matter.
10. The term "all" shall mean any and all, and the term "any" likewise means any and all.
11. As used here, the singular includes the plural and the plural includes the singular; the conjunctive includes the disjunctive and the disjunctive includes the conjunctive; the masculine includes the feminine and the feminine includes the masculine; and the present tense includes the past tense and the past tense includes the present tense so as to bring within the scope of these requests of all responses that might otherwise be construed to be outside of their scope.
12. The use of a verb in one tense shall be construed as the use of the verb in all other tenses.
13. The masculine gender of any word shall be construed to include the masculine, feminine, and neuter gender.

14. "And" and "or" as used in "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside of their scope.

## INSTRUCTIONS

1. Documents attached to each other must not be separated.
2. All of the requests are deemed continuing so as to require further and supplemental production if you obtain or become aware of additional documents between the time of initial production and until this matter is resolved.
3. In answering the requests, if you claim that there is any ambiguity in either a particular request or in an applicable definition or instruction, such a claim shall not be a basis for refusing to respond. Rather, as part of your response you shall make note of the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.
4. Each definition, instruction, and request shall be construed independently and not by reference to any other definition, instruction, or request for the purpose of limitation, unless otherwise indicated.
5. Selection of documents from files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary. Any means that were used to organize or identify documents such as file folders with tabs/labels or directories of files identifying documents called for by these requests must be produced intact with these documents.
6. Where a claim of privilege is asserted in responding or objecting to any of these requests, and any documents are not provided on the basis of such an assertion:

  (a) The attorney asserting the privilege shall, in the response or objection to the request, identify the nature of the privilege or immunity that is being claimed, and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

  (b) The following information shall be provided in the response or objection: (i) the type of document, e.g., email, letter, or memorandum; (ii) general subject matter of the document; (iii) the date of the document; (iv) the author, addressee, and any other recipient of the document, specifically identifying any attorneys, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other.

## DOCUMENTS TO BE PRODUCED

1) Any and all financial documents and reporting concerning the Tollway Project, including but not limited to profit and loss statements, or their equivalent which identify the profit generated for each work number.

2) All time sheets and overtime records for work related to the Tollway Project.

3) All time sheets (labor and equipment) and all documents detailing all charges to all job numbers for the work at issue on the Tollway Project. This includes but is not limited to all charges made to the base contract, all change orders, and all work performed by subcontractors.

4) All job reports and job cost reports, including but not limited to job reports/job cost reports sent to or issued to Quanta.

5) All job consolidation reports, profit and loss statements, and committed costs reports for all of the job numbers relating to the Tollway Project.

6) All profit forecasts and profits made for all job numbers for the work at issue on the Tollway Project.

7) All information, including but not limited to written documentation, on how employee bonuses are determined including the manner in which bonuses were determined.

8) Any and all cost ledgers for the Tollway Project, including all time and material ("T&M") and lump sum changes for the work at issue.

9) All documents which will allow Pelco and its experts to determine the profit generated by each work order, and comparison to profit generated for similar work for ComEd on other projects.