IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXELON BUSINESS SERVICES COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PELCO STRUCTURAL, LLC, <br><br> Defendants. | Case No.: 16-cv-611 <br><br> Judge Robert M. Dow, Jr. |

### ORDER

Before the Court is Plaintiff's bill of costs. For the reasons set forth below, the Court grants in part Plaintiff's bill of costs [169] and awards Plaintiff $47,979.30 in costs.

### STATEMENT

Following an entry of judgment in its favor, Plaintiff Exelon Business Services Company, LLC, filed a bill of costs [169], dated December 30, 2020, for $47,985.30. The costs presented include court filing fees, transcript fees, costs associated with taking depositions, witness fees, fees for exemplification and copies, and docket fees. The Court set a briefing schedule [see 170], but Defendant Pelco Structural, LLC, offered no response or objection to the bill. In these circumstances, the Court would be within the bounds of its authority to apply the waiver doctrine and award the requested fees without further analysis. See, *e.g.*, *Lauth v. Covance, Inc.*, 863 F.3d 708, 718 (7th Cir. 2017) (finding waiver where losing party in trial court failed to file timely objection to bill of costs); *Cooper v. Eagle River Mem. Hosp., Inc.*, 270 F.3d 456, 464 (7th Cir. 2001) (same). However, given the amount requested, the Court will exercise its discretion to conduct an independent review of "whether the costs are allowable and, if so, whether they are

both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). Notwithstanding this strong presumption, the "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 960 (7th Cir. 2009). However, "[o]nce the prevailing party demonstrates that the particular items of costs should be allowed, the losing party then bears the burden of affirmatively showing that the taxed costs are not appropriate." *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 873 F. Supp. 2d 939, 944 (N.D. Ill. 2012) (citing *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005)).

Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk, (2) fees of the transcript, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). Costs incurred only for one's own convenience are not necessary and therefore not recoverable. E.g., *Boogaard v. Nat'l Hockey League*, 2017 WL 5517231, *2 (N.D. Ill. Nov. 17, 2017) (citing *Majeske*, 218 F.3d at 825; *Haroco, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994)).

Here, Plaintiff claims five categories of costs: (1) fees for the Clerk ($400.00), (2) fees for transcripts ($14,075.22), (3) fees for witnesses ($4,078.41), (4) fees for exemplification and copies ($29,404.17), and (5) docket fees ($27.50). The Court considers each in turn.

I. **Filing Fee**

Plaintiff seeks to recover the $400.00 filing fee paid to present this case before the Court for litigation. Under 28 U.S.C. § 1920(1), fees of the Clerk are recoverable, provided they are reasonable and necessary. The expense appears reasonable and necessary as the docket indicates that this fee was required to file this case. See *Shanklin Corp. v. Am. Packaging Mach., Inc.*, 2006 WL 2054382, at *6 (N.D. Ill. July 18, 2006) (concluding that a request for $120.00 in fees of the clerk, without any supporting documentation or explanation, was reasonable). Accordingly, the Court awards $400.00 in filing fees.

II. **Transcript Fees**

Plaintiff seeks to recover a total of $14,075.22 in transcription fees for the fourteen (14) depositions, the pretrial transcript, and trial transcript. [See 169-1.] Defendant did not object to the cost reimbursement sought by Plaintiff for the deposition transcripts, the pretrial transcripts, or the trial transcript. Therefore, reimbursement costs will be awarded if they are both reasonable and necessary as required under 28 U.S.C. § 1920(2).

    A. **Deposition Transcripts**

The Court awards deposition charges if the deposition appears reasonable and necessary in light of the facts known at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curium). Under Northern District of Illinois Local Rule 54.1(b), the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. That rate at the time of each deposition was $3.65 per page for

an Ordinary Transcript, $4.25 per page for a Fourteen-Day Transcript, $4.85 per page for an Expedited Seven-Day Transcript, $5.45 per page for an Expedited Three-Day Transcript, and $6.05 per page for a Daily Transcript.[1]

The Court may also award court reporter appearance fees in addition to the per page limit. See *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("As for the deposition attendance fees charged by the court reporter, we have previously held that even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)."). This cost also shall not exceed the rate established by the Judicial Conference of the United States under Local Rule 54.1(b). The published rates are $110.00 for one half day (four hours or less) and $220.00 for one full day attendance fee.

Plaintiff provided invoices in support of their demand for reimbursement of costs for all fourteen deposition transcripts: (1) the Phil Albert deposition ($1,073.20); (2) the Larry Barry deposition ($930.68); (3) the Mark Bartolameolli deposition ($2,107.40); (4) the Richard Conklin deposition ($572.70); (5) the John Holtz deposition ($563.19); (6) the Mark Hosfield deposition ($422.10); (7) the James LaFontaine deposition ($623.45); (8) the Edward Mowry deposition ($726.59); (9) the Darrell Nelson deposition ($1,176.65); (10) the Wesley Oliphant deposition ($790.95); (11) the Tyler Peterson deposition ($649.15); (12) the M. Kasey Scott deposition ($947.00); (13) the Jason Sutphen deposition ($846.75); and (14) the Karen Tower Erbach deposition ($604.55). [See 169-1.] The invoices provided by Plaintiff to support its request for the cost of all fourteen deposition transcripts list neither the per page rate nor the number of pages per transcript; nor do the invoices provide an itemized court reporter attendance fee. However, since the Defendant has not filed an opposition to the Plaintiff's bill of costs, the Court will assume that

---

[1] See Transcript Rates, https://www.ilnd.uscourts.gov/Pages.aspx?page=transcriptrates.

Defendant accepts the per page rate and attendance fee per deposition. Therefore, the Court awards Plaintiff $12,034.36 for deposition transcripts and related fees. See *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995) ("Under Rule 54(d) of the Federal Rules of Civil Procedure * * * the ultimate decision to award costs is within the district court's discretion").

### B. Pretrial Transcript

Plaintiff seeks $42.50 for the cost of the pretrial transcript (10 pages at $4.25 per page). [See 169-16.] Defendant has not objected to this request. The cost of trial transcripts is taxable. *Majeske*, 218 F.3d at 825. The Court is persuaded that the pretrial transcript was reasonable and necessary for use in this case. However, the requested rate per page of $4.25 for 10 pages exceeds the regular rate and must be reduced. The invoice indicates that Plaintiff requested delivery in fourteen days, but there is no indication of why the transcript was needed on that schedule. Therefore, the Court will apply the per-page maximum rate for an Ordinary Transcript and award $36.50 for the cost of the pretrial transcript (10 pages at a rate of $3.65 per page). See *Se-Kure Controls, Inc.*, 873 F. Supp. 2d at 945 (limiting party's recovery of costs for transcripts to ordinary rates because "[p]arties cannot recover the added cost of expedited transcripts unless they can show that it was reasonable and necessary to order transcripts on an expedited basis") (alteration in original) (citation omitted)).

### C. Trial Transcript

Plaintiff requests $1,998.36 for the cost of two copies of the trial transcript (549 pages at $3.65 per page for the first copy and 549 pages at $0.90 per page for the second copy). [See 169-17.] The cost of the trial transcripts is taxable. *Majeske*, 218 F.3d at 825. The Court is persuaded that the trial transcripts were reasonable and necessary for use in this case, particularly since post-trial motions were filed. The requested rates of $3.65 per page for the first copy of the transcript

and $0.90 per page for the second copy are reasonable and within the maximum allowable rates for an Ordinary Transcript. See *Se-Kure Controls, Inc.*, 873 F.Supp. 2d at 945. Therefore, the Court will award $1,998.36 in trial transcript fees.

### III.   Witness Fees

Plaintiff seeks to recover a total of $4,078.41 in witness fees necessary to obtain testimony in this matter. Fees associated with witnesses and expenses qualify under § 1920(3). The Seventh Circuit has authorized travel costs, *per diem*, and actual expenses associated with the trial and deposition witnesses under § 1920(3). See *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). As the Court cannot identify a good reason for denying these costs, it must award them. See *id*. Accordingly, the Court awards $4,078.41 witness fees.

### IV.   Exemplification and Copy Fees

Plaintiff seeks to recover a total of $29,404.17 in exemplification and copying fees of trial exhibits required for the witnesses, counsel, parties, and the Court. Fees associated with exemplification and the fees associated with making copies qualify under § 1920(4). The statute does not define exemplification; the Seventh Circuit has embraced a broad definition of permitting a "reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats, and kindred materials." See *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (quoting *EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227 (7th Cir. 1980)). Plaintiff's exhibit 19 contains four (4) invoices from DC Data Corporation itemizing and accounting for the requested $29,404.17 in fees. [See 169-19.] Rule 54(d) makes it clear the district court retains discretion in the awarding of cost, even with the presumption in favor of a cost award to the prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42. Again, the Court sees no good

reason for denying these costs and thus awards $29,404.17 for exemplification and copying fees. See *Weeks*, 126 F.3d at 945.

## V. Docket Fees under 28 U.S.C. § 1923 and 28 U.S.C. §1920(5)

Finally, Plaintiff seeks to recover a total of $27.50 in docketing fees for three depositions, and the trial or final hearing under 28 U.S.C. §1923. [See 169]; see also 28 U.S.C. § 1923(a). Defendant has not objected to this request. These costs are allowable under 28 U.S.C. § 1920(5), and therefore the Court will award $27.50 in docket fees.

## VI. Conclusion

In summary, the Court grants in part Plaintiff's Bill of Costs [169] and awards Plaintiff $400.00 in fees of the Clerk, $14,069.22 in fees for transcripts, $4,078.41 in fees for witnesses, $29,404.17 in fees for exemplification and copies, and $27.50 for docket fees. A total award to the Plaintiff of $47,979.30.

Dated: April 19, 2021

Robert M. Dow, Jr.
United States District Judge